IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN M. CORRADO and FEDERAL CITY REGION, INC.,<br><br>Defendants. | No. C08-51 EJM<br><br>ORDER |

This matter is before the court on defendant Federal City Region's resisted Motion to Dismiss or Stay, filed July 15, 2008, and on defendant Corrado's[1] resisted Motion to Dismiss or Stay, filed October 28, 2008. Briefing concluded on November 26, 2008. Denied.

Plaintiff, an Iowa corporation with its principal place of business in Cedar Rapids, Iowa, brings this action against Federal City Region, Inc. (Federal) and Corrado, both citizens of Maryland, seeking declaratory relief and damages for breach of contract. The amount in controversy exceeds $75,000. Jurisdiction is based on 28 USC §1332.

In Count 1 (breach of contract), plaintiff, a life insurance company, asserts that it entered into General Agent Appointment Agreements, Advance Commission

---

1 On August 29, 2008, "The Estate of John M. Corrado in the person of Charleen Corrado as personal representative and executrix of that Estate" was substituted for defendant John M. Corrado.

Plans, Promissory Notes, and General Agent Commissions and Compensation Addendums, under which defendants agreed to pay to plaintiff certain amounts advanced to them by plaintiff, together with interest, and that defendants have failed to do so.

In Count 2, plaintiff asserts that the parties entered into a Settlement Agreement, and that the parties disagree as to whether the obligations of the parties are controlled by the Settlement Agreement, or by the General Agent Appointment Agreements, Advance Commission Plans, General Agent Commissions, Compensation Addendums, and Promissory Notes.

Plaintiff seeks a declaratory judgment that it has not breached the Settlement Agreement, and that defendants have breached the Settlement Agreement by accepting payments from plaintiff thereunder, and then disputing whether they executed the Settlement Agreement. Plaintiff seeks a declaration either that the Settlement Agreement is operant, or that it is a breached contract no longer controlling the rights of the parties, and no longer limiting plaintiff from collecting certain sums due from defendants in other accounts. Plaintiff further seeks a declaration that the General Agent Appointment Agreements, Advance Commission Plans, General Agent Commissions, Compensation Addendums, and Promissory Notes (including confession of judgment provisions) control the rights of the parties, and that without regard to the Settlement Agreement, the rights of the parties are controlled by the Promissory Notes, including confession of judgment provisions.

Finally, plaintiff seeks a declaration that it is entitled to attorneys' fees, costs, and expenses.

Defendants move to dismiss or stay, asserting that in January, 2008, Federal commenced an action in the US District Court for the District of Maryland against plaintiff and the Life Investors Ownership Participation Trust (OPT) and its trustees under the Employee Retirement Income Security Act (ERISA), 29 USC §§1001 et seq., claiming breaches of fiduciary duty arising from OPT's refusal to pay benefits to defendants on account of their alleged debt to Life Investors. In support of their motion, defendants asset that this action is in nature parallel to the Maryland action, that the Maryland action was filed first, and that the doctrine of federal comity requires that this case be dismissed or stayed pending resolution of the Maryland case. As for the parallel nature of the cases, defendants concede that there is not complete identity of parties, as the OPT and trustees thereof are parties in the Maryland action, but not this action. Additionally, defendants concede that there is not complete identity of issues in the two proceedings. However, defendants urge that the cases present substantially the same parties, raising substantially the same issues, including ERISA coverage in the Maryland action.

Plaintiff resists, urging that defendants' motions are attempts to indirectly interpose defenses to defendants' confessions of judgment with respect to the debt plaintiff here seeks to collect. Plaintiff asserts that this action alleges defendants breached agreements which provide for repayment of advances, said agreements including promissory notes with confessions of judgment executed by defendants.

3

Plaintiff urges that it seeks a determination of whether defendants owe the greater amount arising from the promissory notes and related agreements, or a lesser amount arising under the Settlement Agreement.

It appears undisputed that the Maryland action will not resolve the question raised here, plaintiff's right to collect money claimed as owing. While defendants raise the "first-filed" rule in support of their motion, that rule applies where two actions are "parallel." Midwest Motor Express, Inc., v. Central States, 70 F3d 1014, 1017 (8th Cir. 1995). The Maryland action appears to be an ERISA claim for benefits and return of contributions, and a claim for non-disclosure of documents. The instant action is, as noted above, an action to collect a debt claimed owed under various agreements. It is the court's view that the issues presented are not substantially the same. Scottsdale Ins. Co. v. Detco Industries, Inc., 426 F3d 994, 997 (8th Cir. 2005) (pending actions are parallel if "substantially the same parties litigate substantially the same issues in different forums" (citations omitted)).

It is therefore

ORDERED

Denied.

March 26, 2009.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT