IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, | )<br>)<br>) No. C08-51 EJM |
| Plaintiff, | )<br>) ORDER |
| v. | )<br>) |
| ESTATE OF JOHN M. CORRADO and FEDERAL CITY REGION, INC., | )<br>)<br>) |
| Defendants. | ) |

This matter is before the court on the parties' responses to the court's order of October 3, 2012, directing the parties to respond with their views as to how this case should proceed under the Mandate of the Court of Appeals, filed August 31, 2012, including briefing the question of authentication of the Settlement Agreement, see Docket #46-5, plaintiff's Appendix in Support of Statement of Material Facts, APP0036 – APP0040, as well as the applicability of the doctrine of ratification to the Settlement Agreement. Briefing concluded on November 8, 2012. Settlement Agreement authenticated, parties shall submit proposals for certification to Iowa Supreme Court pursuant to IC §684A.

As noted in the court's order of October 3, 2012, the Court of Appeals reversed and remanded this matter for review of the question of authentication of the

Settlement Agreement, and further concluded the court relied upon inapplicable authority in extending the doctrine of ratification to this matter where Corrado asserts that he never signed the Settlement Agreement, all as set forth in the appellate decision. Life Investors Ins. Co. of America v. Federal City Region, Inc., 687 F3d 1117 (8th Cir. 2012).

On the question of authentication of the Settlement Agreement, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FREv 901(a). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence...." Life Investors Ins. Co. of America v. Federal City Region, Inc., supra, 687 F3d at 1121-1122, citing Stuart v. Gen Motors Corp., 217 F3d 621, 635-36 n.20 (8th Cir. 2000). Additionally, in further discussing authentication, the Court of Appeals noted an authenticating party need only prove a rational basis for the assertion that the document is what it is claimed to be (here, an agreement to replace a larger pre-settlement debt with a smaller settlement debt with arrangements for repayment of the debt). This "rational basis" may be provided by circumstantial evidence. Kaplan v. Mayo Clinic, 653 F3d 720, 725-726 (8th Cir. 2011); Jones v. National American University, 608 F3 1039, 1045 (8th Cir. 2010). The burden of authentication rests with the proponent of the evidence.

Upon review, it appears undisputed that Bankers United Life Assurance Company (BULAC), the predecessor to Life Investors Insurance Company of America, sent a copy of the Settlement Agreement to defendants on June 9, 1993, requesting that defendants sign two copies, return the copies, and that BULAC would then sign and send a fully executed copy to defendants. Docket #99-3, Ex. C, para. 25, referring to Docket #48-2, Defendants' Reply to [plaintiff's] Statement of [undisputed facts], para. 25. Additionally, it appears undisputed that on June 22, 1993, Bill Kuennan of BULAC sent a memo to defendants with the notation "Here is your copy of the Settlement Agreement which has been signed. We have retained a copy for our records." Docket #99-4, Ex. D, and Docket #46-3, [plaintiff's] Statement of [undisputed facts], para. 26, and Docket #48-2, Defendants' Reply to [plaintiff's] Statement of [undisputed facts], para. 26. The court notes that while defendants denied this paragraph in plaintiff's statement of undisputed facts, defendants' denial of this asserted fact was on the basis that the Kuennan memo "does not reflect that plaintiff received two signed copies from Corrado and FCR," and that Corrado didn't sign the Kuennan memo (defendants may have intended to assert here that it was the Settlement Agreement that John Corrado did not sign, rather than the Kuennan memo). It is not a denial that the Kuennan memo was sent to defendants. Further, it appears undisputed that "[c]onsistent with the terms of the Settlement Agreement, no commissions earned by Defendants after the Settlement Agreement were used to reduce the presettlement debt, because the debt under the Settlement Agreement replaced the presettlement debt." Docket #99-3, ex. C,

referring to Docket #48-2, Defendants' Reply to [plaintiff's] Statement of [undisputed facts], para. 30. Moreover, it appears undisputed that "[i]f there had been no Settlement Agreement, the sum total of accumulated pre-settlement debt...exceeds $1.464 million." Docket #99-3, Ex. C, referring to Docket #48-2, Defendants' Reply to [plaintiff's] Statement of [undisputed facts], para. 37.

It is the court's view that the foregoing undisputed facts weigh in favor of authentication of the Settlement Agreement within the meaning of FREv 901. Likewise, it is the court's view that the affidavit of Patrick Melchert and references therein to actions surrounding and including the Settlement Agreement, including the existence and tracking of payments made under the Settlement Agreement, tend to support authentication of the Settlement Agreement within the meaning of FREv 901. Docket #99, Ex. I., para. 3-4, 7-9, 11-12.

The court concludes that the foregoing undisputed facts and the Melchert affidavit constitute a sufficient production of circumstantial evidence to provide a rational basis to support a finding that the document is what it is claimed to be, an agreement to replace a larger pre-settlement debt with a smaller settlement debt with arrangements for repayment of the debt, and accordingly, plaintiff has satisfied its burden under FREv 901.

Turning to the matter of ratification, as previously noted, the Court of Appeals concluded that this court erred in extending the doctrine of ratification based upon inapplicable law, where Corrado does not argue that a circumstance invalidated his signature on an agreement, but rather, argues that he never signed the agreement at all.

Plaintiff urges that the undisputed evidence demonstrates defendants were offered and accepted the benefits of the Settlement Agreement, and are therefore bound thereby, further urging defendants' silence estops them from claiming they are not bound thereby. Upon the Mandate of the Court of Appeals as to the matter of ratification, plaintiff asserts that this court should predict that the Iowa Supreme Court would rule as follows: If a party does not object to a signed contract (even where it is not known who made the party's signature), and the party receives benefits under the contract, the party has ratified the contract and is bound by its terms. Defendants, on the other hand, assert that the Court of Appeals' Mandate does not allow for reconsideration of the issue of ratification, and further urge that Corrado did not ratify the Settlement Agreement, as 1) the doctrine of laches precludes ratification, 2) Corrado did not knowingly accept the benefits of the Settlement Agreement, 3) the Kuennan memo (Docket #99-4, Docket #46-3, [plaintiff's] Statement of [undisputed facts], para. 26, and Docket #48-2, Defendants' Reply to [plaintiff's] Statement of [undisputed facts], para. 26) is inconsistent with the Settlement Agreement, and 4) certain commission statements are inconsistent with the Settlement Agreement. Additionally, defendants assert that the Settlement Agreement is illegal and a violation of public policy, and is not severable.

The Court of Appeals held that this court erred by extending the doctrine of ratification based upon inapplicable law, and observed that where a state court has not spoken on an issue, a district court should predict what the Iowa Supreme Court would do. This court is not inclined to predict or guess how the Iowa Supreme Court would rule on the question. Rather, it seems prudent to certify the ratification

question to the Iowa Supreme Court pursuant to IC §684A.1. The parties shall be required to set forth proposed question(s) of law to be answered on the ratification question, together with proposed statements of fact relevant to the question(s) to be certified, showing fully the nature of the controversy in which the questions arose. IC §684A.3.

It is therefore

ORDERED

The court finds the Settlement Agreement authenticated within the meaning of FREv 901 in accordance herewith.

The parties shall submit proposed question(s) of law and proposed statements of fact in accordance herewith by not later than Thursday, December 20, 2012.

November 26, 2012.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT